Goolsby v City of New York (2025 NY Slip Op 01189)

Goolsby v City of New York

2025 NY Slip Op 01189

Decided on March 04, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 04, 2025

Before: Kern, J.P., Singh, Friedman, Scarpulla, Shulman, JJ. 

Index No. 154823/23|Appeal No. 3805|Case No. 2024-01854|

[*1]Jeff Goolsby, Plaintiff-Appellant,
v
The City of New York, Defendant-Respondent.

Spasojevich Law, P.C., New York (Lawrence Spasojevich of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Philip W. Young of counsel), for respondent.

Order, Supreme Court, New York County (Hasa A. Kingo, J.), entered March 6, 2024, which granted defendant's motion to dismiss the complaint and denied plaintiff's cross-motion for leave to amend the complaint, unanimously affirmed, without costs.
The motion court properly dismissed plaintiff's claim for failure to engage in cooperative dialogue under the New York City Human Rights Law (NYCHRL) (see generally Administrative Code of City of NY §§ 8-102, 8-107[28][a], [e]; Hosking v Memorial Sloan-Kettering Cancer Ctr., 186 AD3d 58, 66 [1st Dept 2020]). This Court has held that defendant's process for reviewing accommodation requests related to the Covid-19 vaccination mandate was sufficient to satisfy the NYCHRL's cooperative dialogue requirement (see Matter of Marsteller v City of New York, 217 AD3d 543 [1st Dept 2023], lv denied 41 NY3d 960 [2024]). Plaintiff took full advantage of this process, requesting exemptions on multiple grounds, pursing an appeal from the denial of this request, and submitting additional documentation raising additional grounds for an exemption after determination of this appeal, all of which was considered by defendant. Defendant was not required to consider the portion of plaintiff's doctor's opinion relating to myocardial inflammation, as it was equivocal in nature and did not reference any actual diagnosis of myocarditis.
The motion court also properly dismissed plaintiff's claim for failure to accommodate under the NYCHRL because plaintiff failed to demonstrate a nexus between the alleged disability (Wolff-Parkinson-White Syndrome) and the need for an exemption from the vaccination mandate, as documentary evidence established that the resultant risk of arrhythmia was not a contraindication to vaccination or an approved basis for a temporary medical exemption therefrom (see generally Administrative Code of City of NY §§ 8-102, 8-107[15][a]-[b]; Miloscia v B.R. Guest Holdings LLC, 33 Misc 3d 466, 474 [Sup Ct, NY County 2011], affd in part and mod in part on other grounds by 94 AD3d 563 [1st Dept 2012]). In view of the foregoing, we need not reach the parties' arguments with respect to the sufficiency of plaintiff's allegations that he could perform the essential functions of his job with such an accommodation.
Plaintiff's motion for leave to amend the complaint was properly denied because the proposed additional factual allegations did not cure the deficiencies in the original complaint (see generally CPLR 3025[b]; Ferrer v Go N.Y. Tours Inc., 221 AD3d 499, 500 [1st Dept 2023]). To the extent plaintiff sought to add parallel claims under the New York State Human Rights Law (NYSHRL) based on the same facts, because the NYCHRL is construed more liberally than the NYSHRL, if plaintiff's claims failed under the former, they would necessarily fail under the latter (see generally Hosking, 186 AD3d at 66; Vig v New York Hairspray Co., L.P., 67 AD3d 140, 145 [1st Dept 2009]; Miloscia, 33 Misc 3d at 474 n 2; Elliott v [*2]City of NY, 723 F Supp 3d 249, 269 n 9 [SD NY 2024]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 4, 2025